UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Debra LaFlamme,<br><br>　　　Plaintiff,<br><br>v.<br><br>HSBC Mortgage Services, Inc.,<br><br>　　　Defendant. | Case No. 10-10680 |

## DEFENDANT HSBC MORTGAGE SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant, HSBC Mortgage Services, Inc. ("Mortgage Services" or "Defendant") hereby oppose the Motion to Remand filed by Plaintiff Debra LaFlamme ("LaFlamme" or "Plaintiff"). Jurisdiction is proper in this Court under 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### STATEMENT OF FACTS

On or about June 18, 2009, Mortgage Services filed a Summary Process Action (the "Summary Process Action") in the Housing Court Department, Northeast Division (Massachusetts), docket number 09-SP-1989, against Dennis Marr and all other occupants of 12 Monarch Street, Lowell, MA. On or about July 13, 2009, Mortgage Services entered an Agreement with LaFlamme to vacate the property on September 2, 2009.

On or about October 26, 2009, LaFlamme filed Counterclaims to the Summary Process Action for breach of quiet enjoyment, violation of 93A, conversion and intentional infliction of emotional distress.

On or about April 9, 2010, Plaintiff commenced a new civil contempt proceeding action (the "Civil Contempt Action") against Defendant in the Housing Court Department, Northeast Division, which was filed under the same docket number as the Summary Process Action.[1] Plaintiff served the Summons and Civil Contempt Complaint upon on CT Corporation System on April 15, 2010.

In LaFlamme's Complaint for Civil Contempt, LaFlamme contends that Defendant has violated two court orders causing her damages in the amount of $16,759.43 to be trebled, physical and emotional distress to be trebled and reasonable costs and attorney's fees. She states that attorney's fees and costs incurred to the date of the filing were $48,715.74. After receiving the Complaint, Defendant filed its Notice of Removal within thirty days on April 22, 2010. This removal was based on 28 U.S.C. § 1332 as the parties were citizens of different states and the amount sought in the complaint exceeded the jurisdictional amount. Plaintiff has now moved to remand the case back to state court.

## ARGUMENT

The Court should deny Plaintiff's Motion to remand because Mortgage Services is the Defendant in the Civil Contempt Action, Plaintiff's action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, the removal was timely, and Plaintiff has failed to cite any law that would prohibit the removal of a civil contempt action.

### I. MORTGAGE SERVICES IS THE DEFENDANT IN THE CIVIL CONTEMPT ACTION

In support of her Motion to Remand, Plaintiff argues that Mortgage Services is not a defendant in the Civil Contempt Action as that action should be treated as a counterclaim.

---

[1] Although incorrectly captioned, Debra LaFlamme is the Plaintiff and Mortgage Services is the Defendant in the Civil Contempt proceeding.

However, this position ignores the substantive law on the issue. Massachusetts law makes clear that a complaint for civil contempt, even though docketed with the underlying action, is a distinct and separate action.

In Jones v. Manns, 33 Mass.App.Ct. 485, 488-89 (1992), the Appellate Court held that while a civil contempt action is docketed with the number of the underlying action, (the action that produced the order whose violation is alleged), the contempt action is distinct from the underlying action, and culminates in a separate judgment. See also New England Overall Co. v. Woltmann, 343 Mass 69, 81 (1961); see also MassR.CivP. 65.3 (stating "enforcement of...court orders shall be sought by means of a **separate civil proceeding** denominated as a 'civil contempt proceeding'") (emphasis added).

The Civil Contempt Action is a separate and distinct action brought by LaFlamme, as the plaintiff, and against Mortgage Services, as the defendant. The fact that the contempt case is docketed with the underlying complaint, for administrative reasons, is completely irrelevant to the issue at hand. Plaintiff's own action in serving the new complaint on CT Corporation (as opposed to Mortgage Services' existing counsel) reflects Plaintiff's own belief that the contempt complaint was a "new" case which required formal service of process. As such, the Civil Contempt Action is a separate and new cause of action in which Mortgage Services is clearly the defendant.

Plaintiff relies on Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) for the proposition that a plaintiff cannot remove an action based on counterclaim. However, even assuming Plaintiff is correctly citing Shamrock, this law has no impact as Mortgage Services is not removing based on a counterclaim but rather a Civil Contempt Action which is a distinct and separate action. In fact, the Massachusetts Court of Appeals has specifically held that a

"contempt claim is not properly regarded as a counterclaim in [a] summary process action." Jones, 33 Mass.App.Ct. 489. As a result, Plaintiff's reliance on the law regarding removal of counterclaims is wholly inapplicable to the removal of the Civil Contempt Complaint.

Therefore, notwithstanding Plaintiff's mislabeling of herself as a defendant in the Civil Contempt Action, she is the plaintiff and Mortgage Services is clearly the defendant with a right to remove.

## II. THE AMOUNT IN CONTROVERSY CLEARLY EXCEEDS $75,000

Plaintiff alleges that that the amount in controversy fails to meet the jurisdictional requirement of $ 75,000. It is clear from Plaintiff's Complaint that the amount in controversy is met because she demands damages in an amount greatly exceeding $75,000.

In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), the United States Supreme Court established the standard for determining whether the jurisdictional minimum has been met. Under this rule, the sum claimed by the plaintiff controls if the claim is made in good faith. St. Paul, 303 U.S. at 288-89. A rebuttable presumption exists that the face of the complaint is a good faith representation of the actual amount in controversy. Wolde-Meskel v. Vocational Instruction project Community Servs., Inc., 166 F.3d 59, 63 (2d Cir. 1999).

In calculating the amount in controversy, the Court should consider the total amount of monetary relief that plaintiffs seek to recover. Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991). Punitive damages should be included in the calculation of the amount in controversy. F.C.I. Realty Trust, 906 F. Supp. at 32 ("Treble damages are a form of punitive damages, and "where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional

4

amount."); see also Waters v. Earthlink, Inc., 91 Fed. Appx. 697, 698-99 (1st Cir. 2003) (contemplating jurisdictional amount based on potential multiple damages under M.G.L. c. 93A). Likewise, attorney's fees, which are recoverable under state statute, should also be considered in determining the amount in controversy. See Dept. of Recreation & Sports, 942 F.2d at 90 (noting attorneys fees may constitute part of the amount in controversy if the are authorized by law).

In her Complaint, Plaintiff seeks actual damages, consequential damages, reasonable attorney's fees and costs, and statutory damages based upon allegations of property loss and physical and emotional distress. According to the Civil Contempt Complaint, Plaintiff is seeking $16,759.43 to be trebled for property loss and $48,715.74 in attorney's fees and costs for a total of $98,994.03. Further, Plaintiff requests damages, to be trebled, for physical and emotional distress. Thus, because Plaintiff seeks actual and consequential damages and attorneys' fees and costs in excess of $98,000, the amount in controversy is met even before considering the claims for emotional distress.

### III.  MORTGAGE SERVICES ACTED TIMELY IN FILING FOR REMOVAL

Plaintiff contends that Defendant's removal was untimely. This argument fails.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). As is clear from the plain language of the statute, a party has thirty days after receipt of an initial pleading to remove it to federal court. Where a defendant receives an

amended pleading or motion demonstrating that a case is removable, the defendant may remove the case within thirty days of receipt of such papers.

As discussed above, the civil contempt complaint is clearly the initial pleading setting forth a proper basis for removal. This pleading was served on April 15, 2010, and Defendant filed its Notice of Removal six days later on April 21, 2010. Plaintiffs' attempt to argue that the time for removal started when she filed her counterclaims in the underlying state court action ignores the case law cited above that an action for civil contempt is a separate and distinct cause of action. It is this separate action (not the underlying state court case with counterclaims) that has been removed. As the Civil Contempt Complaint is a separate action, the period for removal could only start when the Complaint was served on April 15, 2010, and Defendant timely removed within thirty days.

## IV. THIS COURT IS NOT BARRED FROM HEARING A CIVIL CONTEMPT ACTION

Plaintiff argues that the Supreme Court decision of Juidice v. Vail, 430 U.S. 327 (1977) requires abstention in this matter. However, Plaintiff's reliance on Juidice is misplaced. As an initial matter, the Juidice case did not involve a removal of a contempt action from state court. Instead, that case involved a collateral attack in federal court made on a contempt proceeding pending in state court. Specifically, Vail, who had been found in contempt in a state court proceeding, filed a federal court action seeking an injunction to prohibit the state court from enforcing its contempt finding. Plaintiff acknowledges in her brief that "The policy behind [the abstention] was to prevent preemptive, federal judicial interference with State Courts when there is an ongoing proceeding." See Plaintiff's Motion to Remand, page 11. This quote demonstrates the critical distinction. Here, unlike in Juidice,

there is no ongoing civil contempt proceeding in the state court. The Civil Contempt Action was removed to this Court. Defendant is not attempting to challenge or enjoin on an ongoing state court contempt procedure. Instead, Defendant has simply removed a civil contempt action to this Court where it will proceed as any other removed action. This does not create any "interference" with the state court's operation or powers, and the Juidice decision is therefore inapplicable to the present matter.

## V. ATTORNEY'S FEES ARE NOT WARRANTED IF THE MOTION TO REMAND IS GRANTED

Plaintiff, in her motion, seeks attorney's fees in connection with the removal if her motion is granted. However, Plaintiff does not appear to address this issue in her memorandum in support of her motion.

Even if this Court determines that remand is proper, which defendant disputes, it should reject any request for attorney's fees. Although the award of attorney's fees is a matter within the discretion of the Court, attorney's fees "should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005); see 28 U.S.C. § 1447(c). Defendant, after carefully considering whether the action was removable, removed this action to this Court under the reasonable belief that jurisdiction here was proper. This brief and the original notice of removal support Defendant's position and establish an "objectively reasonable basis for removal." Martin, 546 U.S. at 136. Therefore, this Court should decline awarding attorney's fees and costs, even if the motion to remand is granted.

## CONCLUSION

Defendant respectfully requests that this Court denies Plaintiff's Motion to Remand.

>Respectfully submitted,
>HSBC Mortgage Services, Inc.
>by their attorneys,
>
>/s/ *Jeffrey Patterson*
>Jeffrey S. Patterson (BBO #671383)
>jeffrey.patterson@nelsonmullins.com
>Michael R. Murphy (BBO #671816)
>michael.murphy@nelsonmullins.com
>Nelson Mullins Riley & Scarborough LLP
>One Boston Place, 40th Floor
>Boston, Massachusetts 02108
>(617) 573-4700
>(617) 573-4710 (fax)

Dated: June 1, 2010

## CERTIFICATE OF SERVICE

I, Michael Murphy , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: June 1, 2010          */s/ Michael Murphy*
                              Michael Murphy